UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

C.A. No. 04CV12174REK

CTC COMMUNICATIONS CORP.,

    Plaintiff

vs.

WORCESTER STATE COLLEGE,

    Defendant

## ANSWER AND JURY DEMAND OF THE DEFENDANT WORCESTER STATE COLLEGE

### The Parties

1. The allegations of paragraph 1 of the Complaint are admitted on information and belief.

2. The allegations of paragraph 2 of the Complaint are admitted, except that it is denied that Worcester State College is a "corporation." Rather, it is an agency of the Commonwealth of Massachusetts within its Executive Branch.

### Jurisdiction

3. The allegations of paragraph 3 of the Complaint are admitted on information and belief.

## Count I

### (Alleged Breach of Customer Service Agreement)

4.  The allegations of paragraphs 1 through 3 hereof are hereby incorporated by reference.

5.  The defendant is without knowledge or information sufficient to enable it to admit the truth of the allegations of paragraph 5 of the Complaint, and demands proof thereof at the trial of this matter.

6.  In response to paragraph 6 of the Complaint, the defendant admits that, on or about December 13, 2000, Kenneth C. Barton, Business Manager of Worcester State College, signed a so-called Customer Service Agreement, a copy of which is attached to the Complaint as the first page of Exhibit A. The alleged agreement speaks for itself.

7.  The defendant does not respond to paragraph 7 of the Complaint, since the alleged agreement speaks for itself.

8.  The allegations of paragraph 8 of the Complaint are denied.

9.  The allegations of paragraph 9 of the Complaint are denied.

## Count II

### (For Services Allegedly Rendered)

10. The allegations of paragraphs 1 through 9 hereof are hereby incorporated by reference.

11. The allegations of paragraph 11 of the Complaint are denied.

## Count III

### (For Allegedly Unjust Enrichment)

12. The allegations of paragraphs 1 through 11 hereof are hereby incorporated by reference.

13. The allegations of paragraph 13 of the Complaint are denied.

14. The allegations of paragraph 14 of the Complaint are denied.

15. The allegations of paragraph 15 of the Complaint are denied.

### Affirmative Defenses

16. Counts II and III of the Complaint must be dismissed for failure to state claims upon which relief can be granted, because the defendant, as part of the Executive Branch of the Commonwealth of Massachusetts, is not liable on any theory of implied contract.

17. The plaintiff itself breached the terms of the contract between the plaintiff and the defendant, as a result of which the plaintiff may recover nothing.

18. The defendant has paid all amounts to which the plaintiff is entitled.

19. The plaintiff's claim is barred by the applicable limitation of actions and/or laches.

20. The plaintiff's claim is barred by its breach of the contract between the parties and applicable tariffs.

THE DEFENDANT WORCESTER STATE COLLEGE DEMANDS TRIAL BY JURY ON ALL ISSUES SO TRIABLE.

_____
Mark Peters, BBO #396420
mpeters@rubinrudman.com

_____
Michael R. Coppock, BBO #098840
mcoppock@rubinrudman.com

Rubin and Rudman LLP
50 Rowes Wharf
Boston, MA  02110
(617) 330-7000

I hereby certify that true copy of the above document was served upon the attorney of record for each other party by mail-hand on 12-10-04